## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CIVIL ACTION NO.  3:18-CV-00265-RGJ-CHL

**NASHAYLA JONES, et al.,**                                                                                          **Plaintiffs,**

**v.**

**LOUISVILLE JEFFERSON COUNTY**
**METRO GOVERNMENT, et al.,**                                                                                   **Defendant.**

### ORDER

Before the Court is the Parties' Joint Motion to Amend Scheduling Order.  (DN 113.)  For the reasons discussed during the last status conference, the Court finds good cause to modify the schedule as requested.  Fed. R. Civ. P. 16(b)(4).  However, the Court will slightly modify the Parties' proposal to ensure that the close of expert discovery comes after the deadline for rebuttal expert disclosures.

Accordingly,

IT IS HEREBY ORDERED that the Parties' joint motion (DN 113) is **GRANTED**, and the Court's prior scheduling orders (DNs 88, 95) are hereby amended as follows:

(1) Any motion to amend pleadings or motion to join additional parties shall be filed no later than **July 11, 2022**.

(2) **Expert Disclosures.**

   a) Identification of experts in accordance with Rule 26(a)(2) shall be due:

   i. Joint Disclosures:              no later than **September 16, 2022**;

   ii. Rebuttal Disclosures:       no later than **January 13, 2023**.

      b) At the time expert reports and supplementation of the reports are exchanged, at least two proposed dates for the deposition of each expert witness within the following thirty days shall be provided.

(3) **Fact and Expert Discovery**. The parties shall complete all fact discovery no later than **July 18, 2022**, and all expert discovery no later than **January 27, 2023**.

(4) **Dispositive and Expert Motions**. No later than **February 10, 2023**, counsel for the parties shall file all dispositive motions and any motions objecting to the admissibility of expert witness testimony under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). The party filing the last pleading in response to such motions shall notify the Court by email to the Court's Deputy, Ms. Andrea Morgan by email at andrea_morgan@kywd.uscourts.gov, with copies to opposing counsel, that the motions are ripe for decision. Applications for extensions of time will be granted only upon good cause shown.

(5) **Pretrial Conference**. The Pretrial Conference previously set for February 7, 2023, is **RESCHEDULED** to **August 29, 2023 at 1:30 p.m. ET** at the Gene Snyder U.S. Courthouse, Louisville, Kentucky before the trial judge.

      a) No later than **twenty-one (21) days before the Pretrial Conference**, counsel shall file:

          i. a list of witnesses in accordance with the Fed. R. Civ. P. 26(a)(3). The witness lists shall specify those witnesses who will testify at the trial of this action versus those who may testify, in accord with Fed. R. Civ. P. 26(a)(3)(A) and shall identify all witnesses who will testify by deposition, specifying the portions of such deposition testimony that

2

will be used at trial, in accord with Fed. R. Civ. P. 26(a)(3)(B). The witness lists shall also set forth the subject matter of each witness's testimony and the purpose for which such testimony is offered;

ii. an exhibit list in accordance with the Fed. R. Civ. P. 26(a)(3). The exhibit list shall include any demonstrative and/or summary exhibits to be used at trial (including any to be used during opening statements) and shall contain a description of each exhibit in sufficient detail to permit adequate identification thereof;

iii. any appropriate motions *in limine*;

iv. the transcript of all evidentiary depositions to be used at trial along with any motions for ruling by the court upon any objection made in any evidentiary deposition to be used at trial on which ruling by the court is necessary prior to trial. **Any objection within any deposition which is not so raised specifically (by citation to page number and question number) for ruling by the court shall be deemed to be summarily overruled**;

v. a pretrial memorandum brief containing a succinct statement of the facts of the case, the issues of fact to be resolved at trial, the disputed issues of law that must be resolved in connection with the trial, and a brief summary of the party's position on each disputed issue of fact or law, and;

vi. proposed agreed jury instructions and verdict forms. Counsel shall exchange drafts of instructions and verdict forms in advance and

       endeavor to agree; in the absence of agreement, separate instructions and verdict forms shall be filed, by the same deadline, including citation to supporting authorities; and

  vii. proposed *voir dire* questions for the Court's use and a joint statement of the case that may be read to the jury panel during *voir dire*.

b) **No later than fourteen (14) days before the Pretrial Conference**, the parties shall file:

  i. written objections, pursuant to Fed. R. Civ. P. 26(a)(3), to the lists of witnesses and exhibits previously filed by any other party. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, **shall be deemed waived unless excused by the court for good cause shown**;

  ii. responses to any other party's motion *in limine*; and

  iii. responses to any other party's motion for a ruling on any objection made in an evidentiary deposition.

c) At the Pretrial Conference, counsel for the parties shall be prepared to:

  i. discuss and make possible stipulations of admissibility, or threshold foundation requirements for admissibility of exhibits, including authenticity; discuss and make stipulations of fact or law which would expedite the trial of this action;

  ii. disclose any demonstrative or summary exhibits intended for use at trial;

  iii. display to the court all exhibits intended to be used at trial, which shall already be pre-marked in accordance with Local Rule. Counsel shall

provide the court with a copy of all documentary exhibits. **Failure to disclose exhibits to the Court and to opposing counsel at the Pretrial Conference shall be subject to sanctions unless good cause is shown**;

  iv. discuss the possibility of settlement; and

  v. advise the Court of anticipated technological issues that may arise at trial.

 d) The Pretrial Conference shall be attended by all attorneys who will be trying the case along with the parties and/or representatives.

(6) **Trial.** The jury Trial previously set for February 23, 2023, is **RESCHEUDLED** for a jury trial on **September 18, 2023, at 9:30 a.m.** at the Gene Snyder United States Courthouse, Louisville, Kentucky. Counsel should be present in the courtroom by 9:00 a.m. The anticipated length of trial is fourteen days. The Western District of Kentucky's plan for the qualification and random selection of jurors, General Order 2013-02, is available on the Court's website at https://www.kywd.uscourts.gov/jury-info. Pursuant to Section 5.02 of the Plan, "the names of persons assigned to individual petit jury panels, as well as the contents of their juror qualification questionnaires, may be disclosed to the parties seven days prior to the trial date unless otherwise ordered by the court."

(7) All remaining provisions of the Court's prior scheduling orders (DNs 88, 95) remain in full effect.

*Colin H Lindsay, Magistrate Judge*
*United States District Court*

cc: Counsel of record, Jury Administrator
April 18, 2022