UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-265-RGJ

NASHAYLA JONES, et al.                                                                                           Plaintiffs

v.

LOUISVILLE/JEFFERSON COUNTY                                                                      Defendants
METRO GOVERNMENT, et al.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Louisville/Jefferson County Metro Government ("Metro Government") moves for partial summary judgment, on their *Monell* claim. [DE 98]. Plaintiffs Nashayla and Nascyauni Jones ("Plaintiffs") responded [DE 103], and Metro Government replied. [DE 105]. Plaintiffs move for leave to file a third amended complaint. [DE 102]. Metro Government responded [DE 107], and Plaintiffs replied. [DE 108]. Plaintiffs also moved to compel discovery on their *Monell* claim [DE 97], while Metro Government moved to stay discovery on the *Monell* claim. [DE 99]. Each party responded [DE 100; DE 104], and each replied. [DE 101; DE 106]. These matters are ripe. For the reasons below, Plaintiffs' Motion to Compel Discovery [DE 97] is **DENIED AS MOOT**, Metro Government's Motion for Summary Judgment [DE 98] is **GRANTED**, Metro Government's Motion to Stay Discovery [DE 99] is **DENIED AS MOOT**, Plaintiffs' Motion for Leave to File a Third Amended Complaint [DE 102] is **DENIED**.

**I.     BACKGROUND**

The background has been previously set forth in the Court's Orders [DE 44; DE 77] and is incorporated. In 2017 the Louisville Metro Police Department executed a search warrant on Plaintiffs' residence. [*See* DE 77 at 1062-63]. In 2018, Plaintiffs filed this lawsuit against Metro

1

Government and various state and federal law enforcement officers in their individual and official capacities. [DE 1]. Plaintiffs have amended the complaint three times. [DE 17; DE 29; DE 45].

In their Second Amended Complaint, Plaintiffs brought a variety of claims under the heading of one federal claim and one state claim. [DE 45 at 656-64]. Against Metro Government, Plaintiffs brought a claim under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments, alleging unconstitutional policies or customs ("*Monell* claim"). [DE 45 at 634, 656-63]. On motion to dismiss, the Court dismissed all claims against Metro Government except for one *Monell* claim for not activating or wearing body cameras. [DE 77 at 1062, 1074-76]. Also remaining are the Fourth Amendment excessive force claim against Defendant Thomas Schardein, and all claims of assault, false imprisonment, conversion, and negligence against the individually named defendants. [*Id.* at 1061-62].

## II.     STANDARD

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prod. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."

*Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).  An action may be dismissed under Fed. R. Civ. P. 12(b)(6) if the complaint fails to state a claim upon which relief can be granted.  To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64 (2007)).  The moving party has the burden of proving that no claim exists.  *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

"When there are pending before the court both a dispositive motion and a motion to amend the complaint, the court must first address the motion to amend complaint." *Gallaher & Assocs., Inc. v. Emerald TC, LLC*, No. 3:08-CV-459, 2010 WL 670078, at *1 (E.D. Tenn. Feb. 19, 2010) (citing *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988)).  If the court grants a motion to amend, "the original pleading no longer performs any function in the case." *Clark v. Johnston*, 413 F. App'x 804, 811 (6th Cir. 2011) (internal quotation marks and citation omitted).  Thus, "when the court grants leave to amend the complaint, a motion to dismiss the original complaint will be denied as moot if the amended complaint adequately addresses the grounds for dismissal." *Stepp v. Alibaba.com, Inc.*, No. 3:16-CV-00389-CRS, 2016 WL 5844097, at *2 (W.D. Ky. Oct. 4, 2016).

Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving

3

party bears the burden of specifying the basis for its motion and showing the lack of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the nonmoving party must produce specific facts showing a material issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "Factual differences are not considered material unless the differences are such that a reasonable jury could find for the party contesting the summary judgment motion." *Bell v. City of E. Cleveland*, 125 F.3d 855 (6th Cir. 1997) (citing *Liberty Lobby*, 477 U.S. at 252).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. *See Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008); *see also Adams v. Metiva*, 31 F.3d 375, 384 (6th Cir. 1994). The Court must view the evidence and draw all reasonable inferences in a light most favorable to the nonmoving party. *See Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). But the nonmoving party must do more than show some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party must present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1); *see also Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 131–32 (6th Cir. 2014). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Liberty Lobby*, 477 U.S. at 252.

Rule 56(c)(1) requires that a "party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations

(including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

### III. DISCUSSION

Because Plaintiffs have moved to amend, the Court first considers this motion. *See Gallaher & Assocs., Inc. v. Emerald TC, LLC*, No. 3:08-CV-459, 2010 WL 670078 (E.D. Tenn. Feb. 19, 2010), at *1, *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). *See also AutoZone, Inc. v. Glidden Co.*, 737 F. Supp. 2d 936, 943 (W.D. Tenn. 2010) (observing that the court must consider a motion to amend before a dispositive motion, and the court should consider whether amendment is futile – if so, the pertinent cause of action cannot survive a motion to dismiss).

Plaintiffs ask to the Court to allow them to file a Third Amended Complaint "in order to conform with the pleadings and the facts developed in discovery." [DE 102 at 1885]. Metro Government argues that Plaintiffs' *Monell* claim is futile and thus could not survive a motion to dismiss for the same reasons it analyzes in its motion for summary judgment. [DE 107 at 2518-19]. Plaintiffs argue that they are seeking amendment before the deadline, December 1, 2021, their proposed amended complaint is not futile, relates back, and "merely explains and amplifies the *Monell* claim." [DE 102 at 1885-87].

As the Court explained in its previous order, a municipal government may be liable under 42 U.S.C. § 1983 only if the plaintiff can demonstrate that his or her civil rights were violated "as a direct result of a municipality's policy or custom." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 900 (6th Cir. 2004) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)).

A plaintiff generally has four ways to establish a municipal entity's unlawful policy or custom: "[t]he plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009) (quoting *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)).

Even after showing an unlawful policy or custom, a "plaintiff must also demonstrate a direct causal link between the policy and the alleged constitutional violation in order to show that the municipality's deliberate conduct can be deemed the 'moving force' behind the violation." *Id.* (cleaned up).

Plaintiffs Second Amended Complaint alleged:

> Louisville Metro has a custom, practice, or policy of **disabling or not activating their wearable video cameras** before executing searches and using force, for the purpose of motivating, enabling, and concealing violations of clearly established constitutional rights, including but not limited to the use of excessive force.

[DE 45 at 657 (emphasis added)]. Plaintiffs' proposed Third Amended Complaint alleges:

> Metro encouraged, implicitly authorized, approved, and knowingly acquiesced to the following customs, practices, or policies, which were the moving force, substantial factor, and proximate cause of the Plaintiffs' injuries:
> a. Metro has, and had at the time of the raid, a custom, practice, or policy of **failing to equip** its police officers with body cameras or WVS, resulting in violations of clearly established constitutional rights, including but not limited to the use, motivation, enablement, and concealment of excessive force.
> b. Metro has, and had at the time of the raid, a custom, practice, or policy of its officers **failing to wear** body cameras or WVS, resulting in violations of clearly established constitutional rights, including but not limited to the use, motivation, enablement, and concealment of excessive force.
> c. Metro has, and had at the time of the raid, a custom, practice, or policy of its officers **failing to record** body camera or WVS footage, resulting in violations of clearly established constitutional rights, including but not limited to the use, motivation, enablement, and concealment of excessive force.

[DE 102-2 at 1916 (emphasis added)]. The difference between the Second Amended Complaint and the proposed Third Amended Complaint is Plaintiffs' effort to conform with the developed discovery. [DE 102 at 1885]. Plaintiffs previously alleged that Metro Government had a custom or practice of disabling or not activating body cameras they had provided. [DE 45 at 657]. Plaintiffs now allege that Metro Government had a custom or practice of failing to provide cameras, wear cameras, and record footage. [DE 102-2 at 1916]. The problem with this claim, as pled in either complaint, is that both parties agree on an essential fact: "the SWAT operators were not equipped with body cameras." [DE 98-1 at 1391; DE 102 at 1885]. While Plaintiffs reasonably believed when they filed their Second Amended Complaint that the officers "were equipped with body cameras"[1] and either failed to wear or failed to turn these cameras on, Plaintiffs explain "Metro has since provided discovery in this lawsuit, in the form of responses to written interrogatories and production of documents, which substantiates the contrary." [DE 102 at 1885].

The Court has already addressed this type of *Monell* claim on motion to dismiss. Failing to provide cameras or record footage cannot alone be a constitutional violation. [DE 77 at 1074-75]; *see Graham v. Rowe*, No. CV 19-6757 (RMB-KMW), 2019 WL 3059801, at *4 (D.N.J. July 10, 2019) ("There is no constitutional right to be free from an arrest that is not recorded by a camera."); *and Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) ("There can be no liability under *Monell* without an underlying constitutional violation."); *see also Baldwin v. Colley*, No. 15-CV-02762-KAW, 2015 WL 5836923, at *4 (N.D. Cal. Oct. 7, 2015) (on motion to dismiss, "Plaintiffs have not cited any authority that squarely supports their position . . . . that the City's non-use of body cameras provides a basis for *Monell* liability."); *Wright v. Covarrubias*, No.

---

[1] As explained by Plaintiffs, this belief was "based on the prosecutor's statement that the SWAT operators' body cameras malfunctioned." [DE 102 at 1885].

7

219CV4227JLSGJS, 2020 WL 2133002, at *7 (C.D. Cal. Mar. 23, 2020), *report and recommendation adopted,* No. 219CV4227JLSGJS, 2020 WL 2128645 (C.D. Cal. May 4, 2020), (dismissing *Monell* claim where "Plaintiff insist[ed] that the County's failure to require body camera equipment violate[d] Plaintiff and other victim's constitutional rights"); *Mitchell v. Las Vegas Metro. Police Dep't*, No. 218CV00646RFBEJY, 2021 WL 808735, at *2 (D. Nev. Mar. 3, 2021), *report and recommendation adopted,* No. 218CV00646RFBEJY, 2021 WL 1894242 (D. Nev. May 11, 2021) (dismissing *Monell* claim where plaintiff "alleges [police department] should be held liable for the Officers' failures to 'preserve adequate body camera footage.'"). Thus, Plaintiffs proposed third complaint is futile, and the court **DENIES** Plaintiffs Motion for Leave to File their Third Amended Complaint [DE 102].

Whether the Court granted Plaintiffs' motion, Metro Government's Motion for Summary Judgment would succeed for the same reason that Plaintiffs' proposed Third Amended Complaint is futile. Plaintiffs agree that officers were not equipped with body cameras, so their *Monell* claim can only rest on the custom or practice of failing to provide cameras and record footage. Plaintiff argues that the motion for summary judgment should be denied because it ignores the portion of the claim relating to failing to wear body cameras. However, again, the officers did not have body cameras to choose to wear, there is no constitutional right to a recorded arrest (as addressed above), and Plaintiffs' *Monell* claim cannot survive without an underlying constitutional violation.[2] Thus, Metro Government's Motion for Summary Judgment [DE 98] is **GRANTED**. The remaining claim against Metro Government is **DISMISSED**. Plaintiffs' Motion to Compel Discovery related

---

[2] This conclusion is based solely on the structure of the law. In reaching this conclusion, the Court does not pass judgment on the facts of this case, which the Court finds concerning. The conclusion is not intended to suggest that what happened to Plaintiffs is appropriate, but only that the facts cannot support this specific legal claim.

to the *Monell* claim [DE 97] and Metro Government's Motion to Stay Discovery related to the *Monell* claim [DE 99] are **DENIED as MOOT**.

## IV. CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Plaintiffs' Motion to Compel Discovery [DE 97] is **DENIED AS MOOT**;

(2) Metro Government's Partial Motion for Summary Judgment [DE 98] is **GRANTED**;

(3) Metro Government's Motion to Stay Discovery [DE 99] is **DENIED AS MOOT**; and

(4) Plaintiffs' Motion for Leave to file Verified Third Amended Complaint [DE 102] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

August 19, 2022

Cc: Counsel of record